IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **15-cv-2476-JLK**

**JACK SAVINO,**

      Plaintiff,

v.

**HOME DEPOT U.S.A., INC.,** d/b/a THE HOME DEPOT, a Delaware corporation;
**HD DEVELOPMENT OF MARYLAND, INC.,** a Maryland corporation; and
**JANE DOE** and/or **JOHN DOE,** employees of HOME DEPOT U.S.A., INC.,

      Defendants.

_____

ORDER REMANDING CASE TO STATE COURT
_____

KANE, J.

      Plaintiff initiated this premises liability/personal injury action in state court on

June 29, 2015. Defendants filed their Answer on August 6, 2015, and the parties

participated in a case management conference before the state court judge on August 31,

2015. An eight-day trial to jury was set to commence on June 1, 2016.  The parties

exchanged their initial disclosures under C.R.C.P. 26(a)(1) on September 10 and 11,

2015, and began discovery shortly thereafter. On November 10, 2015, rather than

responding timely to Plaintiff's interrogatories aimed at the identification of the Home

Depot employees named as John and Jane Doe, Defendants removed the case to federal

court.

      In their Notice of Removal (Doc. 1), Defendants omitted the Doe defendants from

the case caption and premised removal jurisdiction on complete diversity of citizenship.

To avoid the removal statute's 30-day filing requirement, moreover, Defendants denied

having a factual basis for asserting Plaintiff's claims exceeded the $75,000 threshold for

diversity jurisdiction until November 4, 2015, when Plaintiff returned his first set of

written discovery responses.

On the record before me, Defendants' actions smack of opportunism and

procedural fencing.  Given the likelihood that employees of a Home Depot store located

in Colorado will be citizens of Colorado, removing the case rather than disclosing that

fact in discovery is an egregious abuse of state court process and a misuse of the removal

statute.  Avoiding a timeliness challenge to removal by claiming an inability to discern

the $75,000 jurisdictional amount in controversy until November is only slightly less so.[1]

Defendants' machinations, in particular with regard to avoiding discovery obligations in

Plaintiff's choice of forum in order to invoke federal diversity jurisdiction here, fly in the

face of their affirmative duty to invoke and to use the federal process to secure the "just,

speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.[2]  Even if the

---

[1] I say less egregious because there is a "strong presumption" against imputing a $75,000 value to claims where plaintiff does not affirmatively allege it and has initiated his case in state court, so that defendant bears the burden of establishing it as a matter of fact.  *See Holladay v. Kone, Inc.*, 606 F. Supp.2d 1296, 1298 (D. Colo. 2009).  Nevertheless, the "serious" and "permanent" physical injuries alleged, the various types of damages requested, together with initial disclosures demonstrating $24,000 in medical expenses and wage loss in the neighborhood of $50,000, placed Home Depot on notice no later than mid-September, 2015, that the case met the $75,000 jurisdictional threshold.

[2] Fed. R. Civ. P. Rule 1 was recently amended to emphasize that just as the court "should construe and administer the federal rules to secure the just, speedy, and inexpensive

citizenship of the Doe defendants were left out of the equation, moreover, the vagaries surrounding when the $75,000 amount in controversy requirement was known and the timeliness of Home Depot's Notice of Removal favor remand in this case.  A defendant's right to remove and a Plaintiff's right to choose its forum "are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolve in favor of remand." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001).

The Motion for Remand (Doc. 15) is GRANTED. This action is REMANDED to the District Court of Jefferson County, Colorado. Any federal deadlines and hearings currently scheduled in this case are VACATED.


Dated this 13th day of January, 2016.


**_John L. Kane_**
SENIOR U.S. DISTRICT JUDGE

---

determination of every action, *so the parties share the responsibility to employ the rules in the same way.*  Fed. R. Civ. P. Rule 1, Dec. 1, 2015 Advisory Comm. Notes (emphasis added).